UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MEGAN STONE and CHRISTINE CAROSI,

    Plaintiff,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY, et al.,

    Defendants.

CASE NO. C16-5383BHS

ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION AND VACATING PREVIOUS ORDER

This matter comes before the Court on Defendant Geico General Insurance Company ("Geico") motion for reconsideration (Dkt. 41).[1] The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On May 20, 2016, Geico removed the action to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Dkt. 2-1.

---

[1] Stone named seven Geico-related insurers as defendants in her complaint. For simplicity, the Court refers to all defendants as "Geico" in this order.

ORDER - 1

1    On June 14, 2016, Plaintiffs Megan Stone ("Stone") and Christine Carosi's

2 ("Carosi") (collectively, "Plaintiffs") moved to remand. Dkt. 16. On July 28, 2016, the

3 Court granted the motion. Dkt. 35. On August 11, 2016, Geico moved for

4 reconsideration. Dkt. 41. On August 16, 2016, the Court requested a response and

5 renoted the motion. Dkt. 42. On August 26, 2016, Plaintiffs responded. Dkt. 46. On

6 September 2, 2016, Geico replied. Dkt. 48.

## II. DISCUSSION

8    Motions for reconsideration are governed by Local Rules W.D. Wash. LCR 7(h),

9 which provides:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. LCR 7(h).

In this case, Geico contends that the Court overlooked facts and committed a manifest error of law. Upon reconsideration of the record and consideration of the parties' additional arguments on reconsideration, the Court agrees. While Plaintiffs have a meritorious argument that Geico could have and should have raised its additional arguments earlier, the Court favors just opinions based on the merits instead of relying on procedural defaults. Moreover, the Court concludes that Geico is likely to prevail on appeal of the order and reconsidering the issues based on the current record will conserve the time and resources of all involved. Therefore, the Court grants Geico's motion and vacates its prior order.

### III. ORDER

Therefore, it is hereby **ORDERED** that Geico's motion for reconsideration (Dkt. 41) is **GRANTED** and the Court's prior order (Dkt. 35) is **VACATED**.  The Court will issue a new order forthwith.

Dated this 12th day of October, 2016.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge