1

2

3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

4

5

6

7

8

9

10

| | |
|---|---|
| MEGAN STONE and CHRISTINE CAROSI,<br><br>                    Plaintiff,<br><br>        v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY, et al.,<br><br>                    Defendants. | CASE NO. C16-5383 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

11

12

13

14

15

16

17

18

        This matter comes before the Court on Defendants GEICO Advantage Insurance Company, GEICO Casualty Company, GEICO Choice Insurance Company, GEICO General Insurance Company ("GEICO General"), GEICO Indemnity Company, GEICO Secure Insurance Company, Government Employees Insurance Company's (collectively "Defendants") motion to dismiss Non-contracting GEICO Defendants and motion to strike.  Dkt. 11.  The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

19

20

**I. PROCEDURAL HISTORY**

21

22

        On June 17, 2015, Plaintiff Megan Stone ("Stone") filed a class action complaint against Defendants in Pierce County Superior Court.  Dkt. 3-2.  Stone claims Defendants

failed to pay her for "loss of use" damages.  *Id.* ¶¶ 1.6–1.7.  Stone collectively referred to

Defendants as "GEICO" and sought to certify the following class:

> All GEICO insureds with Washington policies issued in Washington State, where GEICO determined the loss to be covered under the Underinsured Motorist (UIM) coverage, and their vehicle suffered a loss requiring repair, or the vehicle was totaled, during which time they were without the use of their vehicle, for a day or more.
> Excluded from the Class are the assigned judge, the judge's staff and family, GEICO employees, those who received payment for substitute transportation from GEICO during the entire period they were without the use of their vehicle . . . .

*Id.* ¶¶ 5.3, 5.4.

On May 10, 2016, Stone filed an amended complaint, which added Plaintiff

Christine Carosi ("Carosi") as a named plaintiff.  Dkt. 1-2 ("Comp.").  Carosi was

involved in a rear-end collision and was unable to use her car for about 35 days while her

car was being repaired.  *Id.* ¶¶ 1.6, 1.8, 3.2.  Plaintiffs' amended complaint contains the

same proposed class definition, class allegations, breach of contract claim, and requests

for relief.  *Compare* Dkt. 3-2, *with* Comp.

On May 27, 2016, Defendants moved to dismiss all defendants except GEICO

General (the "Non-contracting Defendants") and strike paragraphs in the complaint

referring to these defendants.  Dkt. 11.  On June 20, 2016, Stone and Carosi ("Plaintiffs")

responded.  Dkt. 19.  On June 24, 2016, Defendants replied.  Dkt. 22.  The Court

remanded the matter and removed this motion from consideration.  After vacating the

order of remand, this motion is now ripe for consideration.

## II. FACTUAL BACKGROUND

On August 2, 2015, GEICO General issued an insurance policy to Carosi.  Dkt. 12, Declaration of Stephanie Bloomfield, Exh. 1 at 2.

On March 5, 2014, GEICO General issued an insurance policy to Stone.  *Id*., Exh. 2 at 2.

## III. DISCUSSION

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows for a motion to dismiss based on lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction.  *Vacek v. U.S. Postal Serv.*, 447 F.3d 124, 1250 (9th Cir. 2006).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).  Courts lacks subject matter jurisdiction over actions in which the plaintiff lacks standing.  *See Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002).  The burden falls on the plaintiff to establish that subject matter jurisdiction is proper.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Vacek*, 447 F.3d at 1250.

A motion brought under Rule 12(b)(1) may be either facial, where the inquiry is limited to the allegations in the complaint, or factual, where the court may look beyond the complaint to consider extrinsic evidence.  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Savage v. Glendale Union High School Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). When a defendant makes a facial challenge to jurisdiction, all material allegations in the complaint are taken as true, and the question for the court is whether the lack of jurisdiction appears from the face of the pleading itself.  *See Wolf*,

1   392 F.3d at 362; *Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2000).  The court

2   must assume the truth of the allegations in a complaint unless controverted by undisputed

3   facts in the record.  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.

4   2003).  At this stage of pleading, the nonmoving party need only show that the facts

5   alleged, if proved, would confer standing.  *Id.*

6          "If the moving party converts the motion to dismiss into a factual motion by

7   presenting affidavits or other evidence properly brought before the court, the party

8   opposing the motion must furnish affidavits or other evidence necessary to satisfy its

9   burden of establishing subject matter jurisdiction."  *Wolf*, 392 F.3d at 362 (internal

10  quotation marks omitted).  For purposes of considering a motion to dismiss on the

11  grounds of subject matter jurisdiction, a court may consider matters outside of the

12  pleadings.  *Association of American Medical Colleges v. U.S.*, 217 F.3d 770, 778 (9th

13  Cir. 2000).

14         In this case, Defendants move to dismiss the Non-contracting Defendants because

15  they have no relationship to Plaintiffs' claims.  Dkt. 11.  This argument is valid because

16  Plaintiffs entered into contracts only with GEICO General.  Although it is a rather

17  straightforward notion that one has a claim for breach of contract only against the other

18  party to the contract, Plaintiffs argue that Defendants' argument "ignores how the GEICO

19  Group does business" and allege that the Defendants "are agents and alter egos of each

20  other" and/or are "juridically linked as it relates to this matter so that they can be treated

21  as a single entity for purposes of Class Certification."  Dkt. 1-2, ¶ 2.9.  These arguments,

22  however, are without merit.

1    First, even if the other entities are agents of each other, Plaintiffs fail to show that

2    they have independent causes of actions against those agents.  In other words, if

3    Plaintiffs' breach of contract claim is against the principal, they have failed to show that

4    they have independent causes of action against the agents based on the alleged breach of

5    contract with the principal.  *See Houser v. City of Redmond*, 91 Wn.2d 36, 40 (1978) (A

6    corporation can "act only through its agents.").

7    Second, Plaintiffs fail to allege facts that establish an alter ego theory.  In order to

8    establish an alter ego relationship, "the plaintiff must make out a prima facie case (1) that

9    there is such unity of interest and ownership that the separate personalities [of the two

10   entities] no longer exist and (2) that failure to disregard [their separate identities] would

11   result in fraud or injustice."  *American Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*,

12   94 F.3d 586, 591 (9th Cir. 1996).  The plaintiff must show that the parent controls the

13   subsidiary "'to such a degree as to render the latter the mere instrumentality of the

14   former.'"  *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001) (quoting *Calvert v.

15   Huckins*, 875 F. Supp. 674, 678 (E.D. Cal. 1995)).  Plaintiffs have failed to allege facts or

16   submit evidence to show either that the parent controls the subsidiaries such that the latter

17   are mere instrumentalities or that failure to disregard the corporate form would result in

18   fraud or injustice.  In fact, they fail to allege anything more than they "anticipate, upon

19   information and belief," other members of the class entered into contracts with Non-

20   contracting Defendants that were subsequently breached.  Dkt. 1-2, ¶ 3.3.  Such a

21   hypothetical injury is insufficient to establish Article III standing.  *See Lewis v. Casey,*

22   518 U.S. 343, 357 (1996) ("named plaintiffs who represent a class must allege and show

1  that they personally have been injured, not that injury has been suffered by other,

2  unidentified members of the class to which they belong and which they purport to

3  represent." (quotation omitted)).

4       Third, Plaintiffs allege that Defendants are "juridically linked."  Dkt. 1-2, ¶ 2.9.

5  Defendants counter that "[c]ourts in the Ninth Circuit consistently hold that the juridical

6  link does not apply to Article III standing."  Dkt. 22 at 10 (citing numerous cases).  The

7  Court agrees with Defendants.  Moreover, Plaintiffs offer no plausible argument to

8  undermine or distinguish these authorities.  *See* Dkt. 19 at 12–18.

9       Finally, Plaintiffs ask for a continuance to obtain discovery to support their

10  position.  *Id*. at 18–19.  The Court declines to grant a continuance, but will dismiss the

11  Non-contracting Defendants without prejudice.  If Plaintiffs obtain evidence to support

12  claims against these entities, they may file a motion to amend their complaint.

13  **IV. ORDER**

14       Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss non-

15  contracting GEICO Defendants and motion to strike Dkt. 11 is **GRANTED** and the Non-

16  contracting Defendants are **DISMISSED without prejudice**.  The Clerk shall terminate

17  these parties.

18       Dated this 17th day of January, 2017.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 6