UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MEGAN STONE and CHRISTINE CAROSI,<br><br>Plaintiffs,<br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY, et al.,<br><br>Defendants. | CASE NO. C16-5383 BHS<br><br>ORDER DENYING PLAINTIFFS' CHALLENGE TO DEFENDANTS' DESIGNATION AS TO CONFIDENTIALITY AND REQUEST OF ORDER DIRECTING STAY OF PROCEEDINGS AND DEFENDANTS' MOTION TO SEAL |

This matter comes before the Court on Plaintiffs Megan Stone and Christine Carosi's ("Plaintiffs") challenge to Defendants' designation as to confidentiality and request of order directing stay of proceeding (Dkt. 74) and Defendant GEICO General Insurance Company's ("GEICO") motion to seal (Dkt. 78). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On June 17, 2015, Plaintiff Megan Stone ("Stone") filed a class action complaint against multiple defendants ("Defendants") in Pierce County Superior Court. Dkt. 3-2.

On October 1, 2015, Stone and Defendants submitted a proposed stipulated protective order that was signed by the Piece County judge. Dkt. 3-29 ("Protective Order"). In relevant part, the order provides that "the Receiving Party may challenge the designation [of a document] by making the appropriate motion before this Court." *Id*. ¶ 3.2.1. The order also contained an example agreement to be bound by the order wherein anyone signing the agreement "submits to the jurisdiction of the Superior Court of the State of Washington in the County of Pierce in matters relating to this Stipulated Protective Order . . . ." *Id*. at 11.

On May 10, 2016, Stone filed an amended complaint, which added Plaintiff Christine Carosi as a named plaintiff. Dkt. 1-2. On May 20, 2016, Defendants removed the matter to this Court. Dkt. 1.

On June 14, 2016, Plaintiffs moved to remand. Dkt. 16. On July 5, 2016, Defendants responded. Dkt. 23. In support of the response, Defendants filed an unredacted Declaration of David Antonacci ("Antonacci Dec.") under seal and a redacted version without viewing restrictions. Dkts. 24, 29. On July 28, 2016, the Court ordered the parties to show cause why the sealed documents should not be unsealed because Defendants failed to file a motion to seal. Dkt. 34. On August 5, 2016, Defendants responded requesting that the documents remain under seal due to the "confidential and proprietary nature of certain information contained" in the documents. Dkt. 36. Plaintiffs did not respond. On October 3, 2016, the Court signed Defendants' proposed order maintaining the Antonacci Dec. under seal. Dkt. 49.

1 On March 17, 2017, Plaintiffs filed a challenge to Defendants' designation as to
2 confidentiality and request of order directing stay of proceedings. Dkt. 74. Plaintiffs
3 assert that their attorney presented the Antonacci Dec. in a deposition in another matter.
4 *Id*. at 5–6. Plaintiffs also assert that Defendants have filed suit in Philadelphia, where the
5 deposition occurred, claiming that Plaintiffs' counsel violated the terms of the Protective
6 Order. *Id*. at 6. On April 10, 2017, GEICO responded, filed documents under seal, and
7 filed a motion to seal. Dkts. 78–80. On April 14, 2017, Plaintiffs replied. Dkt. 84. On
8 April 17, 2017, Plaintiffs responded and opposed the motion to seal. Dkt. 85. On April
9 21, 2017, GEICO replied. Dkt. 86.

## II. DISCUSSION

### A. Plaintiffs' Motion

Although there are numerous problems with Plaintiffs' motion, the main problem is that the parties should request the court that issued the order to interpret the order with respect to a party's designation. Plaintiffs' motion has nothing to do with this Court finding good cause to seal the document from public disclosure and, instead, challenges GEICO's initial designation of the document pursuant to the Protective Order. The Pierce County court agreed to retain jurisdiction over matters relating to the Protective Order. Therefore, the Court denies Plaintiffs' motion for failure to abide by the agreement they entered into.

### B. GEICO's Motion

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana*, 447

F.3d at 1178 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978).

"[A] particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

In this case, the Court need not consider the issue past the starting point because GEICO has failed to show that these documents contain any proprietary information. Instead, the documents contain only generic, common sense employee policies that every company most likely either explicitly or implicitly enforces. Therefore, the Court denies GEICO's motion to seal these documents. The clerk shall unseal these documents pursuant to Local Rules, W.D. Wash. LCR 5(g)(6).

### III. ORDER

Therefore, it is hereby **ORDERED** that the motions listed above (Dkts. 74 and 78) are **DENIED**.

Dated this 1st day of June, 2017.

BENJAMIN H. SETTLE
United States District Judge