UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MEGAN STONE and CHRISTINE CAROSI,<br><br>               Plaintiffs,<br><br>      v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>               Defendant. | CASE NO. C16-5383 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS TO COMPEL |

      This matter comes before the Court on Defendant GEICO General Insurance Company's ("GEICO") motion to compel production (Dkt. 87) and motion to compel compliance with subpoena (Dkt. 89) and the Court's request for additional briefing (Dkt. 104). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants in part and denies in part the motions for the reasons stated herein.

## I.  PROCEDURAL HISTORY

      On June 17, 2015, Plaintiff Megan Stone ("Stone") filed a class action complaint against multiple defendants in Pierce County Superior Court. Dkt. 3-2. In short, Stone

alleged that GEICO failed to pay loss of use ("LOU") damages in connection with an underinsured motorist ("UIM") claim. *Id*.

On August 3, 2015, GEICO moved to dismiss Stone's complaint on multiple grounds. Dkt. 3-13. Relevant to the instant motions, GEICO argued that "Stone's Complaint fails to allege a basis for her claimed 'entitlement' to LOU benefits under the UIM coverage of auto insurance policies issued by the GEICO defendants." *Id*. at 8. In response, Stone argued that GEICO not only improperly cited unpublished opinions to support its arguments, but also failed to rely on the actual language in its policy, which differs from the language considered in the cited authorities. Dkt. 3-21 at 7–11. On August 21, 2015, the state court summarily denied GEICO's motion stating in part that, "[f]or purposes of [court rule] 12(b)(6), defendants motion as to its insuring agreement coverage is denied." Dkt. 3-24 at 1.

On May 10, 2016, Stone filed an amended complaint, which added Plaintiff Christine Carosi ("Carosi") as a named plaintiff. Dkt. 1-2. On May 20, 2016, Defendants removed the matter to this Court. Dkt. 1. On May 27, 2016, Defendants answered the amended complaint. Dkt. 13.

On June 14, 2016, Plaintiffs Stone and Carosi ("Plaintiffs") moved to remand. Dkt. 16. On October 12, 2016, the Court denied the motion stating in part that subject matter jurisdiction may always be challenged. Dkt. 51.

On March 15, 2017, GEICO served Plaintiffs with discovery requests regarding the amount of attorney's fees Plaintiffs' attorneys have recovered in similar class action cases, Dkt. 88, Exh. 1, and served a subpoena on Plaintiffs' attorney Stephen Hanson

requesting similar documents as well as records of billings in this case, Dkt. 90, Exh. 2. Plaintiffs objected to both requests. On May 4, 2017, GEICO filed the instant motions because the parties were unable to resolve the dispute themselves. Dkts. 87, 89. On May 15, 2017, Plaintiffs responded to the motion to compel production. Dkt. 91. On May 19, 2017, GEICO replied. Dkts. 93, 94.[1] On May 23, 2017, Plaintiffs filed a surreply. Dkt. 100.

On June 7, 2017, the Court requested additional briefing because the relevance of the information may turn upon interpretation of the operative complaint. Dkt. 104. On June 16, 2017, the parties filed supplemental opening briefs. Dkts. 106, 107. On June 23, 2017, the parties filed supplemental response briefs. Dkts. 110, 111.

## II.    FACTUAL ALLEGATIONS

Plaintiffs allege that both were covered by a GEICO insurance policy and were involved in separate accidents with uninsured motorists. Dkt. 1-2, ¶¶ 1.3, 1.6. They also allege that they were without the use of their vehicles for periods of time between when the accidents occurred until their vehicles were repaired. *Id*. ¶¶ 1.5, 1.8.

> Plaintiffs allege that the damages for loss of use is a benefit that they are "legally entitled to" recover under the law, and a benefit that is covered, and not excluded by the GEICO policy. However, GEICO failed to authorize, adjust, or pay for this type of loss under its standard Washington insurance policy's UIM coverage. By failing to pay for the loss that Plaintiffs and other policyholders incurred, GEICO has breached its contract with them.

---

[1] GEICO argues that the Court should grant the motion regarding Mr. Hanson because he failed to specifically respond to the motion. The Court considers Plaintiffs' response as an opposition to both motions.

1    *Id.* ¶ 1.11.  In their answer, GEICO "denies each and every allegation contained in

2    Paragraph 1.11 of the Complaint."  Dkt. 13, ¶ 1.11.

3                    **III.    DISCUSSION**

4          Rule 26(b)(1) allows "discovery regarding any nonprivileged matter that is

5    relevant to any party's claim or defense and proportional to the needs of the case."  Fed.

6    R. Civ. P. 26(b)(1).  In this case, GEICO has requested information relevant to attorney's

7    fees and costs under *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37 (1991)

8    (en banc).  *See* Dkt. 87 at 2.  Plaintiffs oppose producing the information because (1) they

9    have not pled a dispute that entitles them to *Olympic Steamship* fees, (2) even if they pled

10   such a dispute, the issue has been determined by the state court and fees are minimal, and

11   (3) the requested discovery will not lead to relevant evidence.  The Court will address

12   each argument.

13   **A.    *Olympic Steamship***

14         In Washington, "an award of fees is required in any legal action where the insurer

15   compels the insured to assume the burden of legal action, to obtain the full benefit of his

16   insurance contract, regardless of whether the insurer's duty to defend is at issue."

17   *Olympic Steamship*, 117 Wn.2d at 53.  "[T]he rule articulated in *Olympic Steamship* is

18   applicable where the insurer forces the insured to litigate questions of coverage . . . ."

19   *McGreevy v. Oregon Mut. Ins. Co.*, 128 Wn.2d 26, 33 n.6 (1995).  "'Coverage means the

20   assumption of risk of occurrence of the event insured against before its occurrence.'"

21   *Kroeger v. First Nat. Ins. Co. of Am.*, 80 Wn. App. 207, 210 (1995) (quoting *Ryan v.*

22   *Cuna Mut. Ins. Soc'y*, 84 Wn.2d 612, 615 (1974)).  "Coverage disputes include both

cases in which the issue of any coverage is disputed and cases in which 'the extent of the benefit provided by an insurance contract' is at issue." *Leingang v. Pierce Cty. Med. Bureau, Inc.*, 131 Wn.2d 133, 147 (1997) (quoting *McGreevy*, 128 Wn.2d at 33).

On the other hand, "dispute[s] over the value of the claim presented under the policy . . . are not properly governed by the rule in *Olympic Steamship*." *Dayton v. Farmers Ins. Group*, 124 Wn.2d 277, 280 (1994). "Where the insurer admits coverage but, in good faith, denies or disputes the value of the claim, [*Olympic Steamship*] does not authorize fees." *Solnicka v. Safeco Ins. Co. of Illinois*, 93 Wn. App. 531, 533 (1999).

> Often, however, there is a fine line between a coverage dispute and a claim dispute. The insurer may admit some coverage, but dispute the scope of coverage and then contend the case involves a claim dispute. Coverage disputes include cases in which coverage is denied and those in which the extent of the benefit is disputed. Coverage questions focus on such questions as whether there is a contractual duty to pay, who is insured, the type of risk insured against, or whether an insurance contract exists at all.
> Claim disputes, on the other hand, raise factual questions about the extent of the insured's damages. They involve factual questions of liability, injuries, and damages and are therefore appropriate for arbitration.

*Id*. at 534 (citations omitted).

Plaintiffs' allegations walk the fine line between a coverage dispute and a claim dispute. They allege that GEICO accepted their UIM claims and paid for their property damage. On the issue of LOU damages, they do not allege that they requested reimbursement for LOU damages or that GEICO explicitly denied coverage for these damages. Instead, Plaintiffs allege an implicit denial of coverage because GEICO denied them "a benefit that is covered, and not excluded by the GEICO policy." Dkt. 1-2, ¶ 1.11. Given that the Court should construe the complaint liberally, *Skaff v. Meridien N.*

*Am. Beverly Hills, LLC*, 506 F.3d 832, 839 (9th Cir. 2007), and that the "'claims dispute' exception to *Olympic Steamship* attorney fees is narrow," *King Cty. v. Vinci Const. Grands Projets*, 191 Wn. App. 142, 189 (2015), the Court concludes that Plaintiffs have alleged a coverage dispute. This conclusion is supported by the fact that GEICO has denied Plaintiffs' allegations that coverage exists for LOU damages, Dkt. 13, ¶ 1.11, and even moved to dismiss the complaint for failure to state a claim, Dkt. 3-21. Therefore, the Court concludes that Plaintiffs' objection that *Olympic Steamship* fees are not awardable is without merit.

**B.    State Court Ruling**

Plaintiffs contend that the state court disposed of all coverage issues in its order denying GEICO's motion to dismiss. Dkt. 106 at 4–7. The order, however, gives no indication of its reasoning for its denial of the motion. For instance, the court could have based its ruling on Stone's argument that GEICO cited improper authorities and failed to analyze the actual policy language in question. Moreover, the allegation that there is more than one plausible interpretation of the policy language could have been sufficient to state a plausible claim for relief. Thus, the Court concludes that the issue of coverage has not been conclusively adjudicated. This conclusion also disposes of Plaintiffs' argument that the fees for coverage issues are minimal.

**C.    Relevance**

GEICO propounded discovery on Plaintiffs and their attorneys requesting information relevant to attorney's fees in this matter and similar matters litigated by Plaintiffs' attorneys. *See* Dkts. 88 at 10–11, 90 at 15–18. Regarding fees incurred in this

matter, Plaintiffs and their attorney's objections are without merit.  The Court has

concluded that the operative complaint alleges a coverage matter.  Accordingly, it would

seem that all fees incurred thus far relate to litigating to obtain coverage for Plaintiffs and

those similarly situated.  Such fees should be included in determining the amount in

controversy.  Therefore, the Court grants GEICO's motion.  Plaintiffs and their attorney

should produce relevant information within their possession and control within fourteen

days from the date this order issues.

Regarding fees incurred in other cases, the issue is more complicated.  For

example, if the other cases settled and attorney's fees were determined as a percentage of

the common fund, then the amount of fees is irrelevant to the issues in this matter.

*McGraw v. GEICO Gen. Ins. Co.*, C16-5876BHS, 2017 WL 1386085, at *3 (W.D. Wash.

Apr. 18, 2017).  On the other hand, any billing records from similar class actions wherein

coverage was at issue *and* the matter was litigated all the way to judgment may be

relevant to estimate the potential *Olympic Steamship* fees in this matter.  Unless the

matter was fully litigated through trial and judgment, then the Court and the parties

would have to rely on speculation and conjecture and be in no better position than

GEICO's attorneys in the *McGraw* matter.  *Id*. at *5 ("GEICO asserted that attorney's

fees could be in excess of '6.6 million.'").  Therefore, in order to be relevant to a

*potential* award, the Court concludes that the matter must have been fully litigated and

did not settle.  To the extent that Plaintiffs or their attorneys possess any documents

responsive to this limitation, the documents shall be produced within fourteen days from

the date of this order.

# IV.    ORDER

Therefore, it is hereby **ORDERED** that GEICO's motion to compel production (Dkt. 87) and motion to compel compliance with subpoena (Dkt. 89) are **GRANTED in part** and **DENIED in part** as set forth herein.

Dated this 8th day of July, 2017.

_____
BENJAMIN H. SETTLE
United States District Judge