UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MEGAN STONE and CHRISTINE CAROSI,

             Plaintiffs,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

             Defendant.

CASE NO. C16-5383 BHS

ORDER DENYING PLAINTIFFS' MOTION TO REMAND

This matter comes before the Court on Plaintiffs Megan Stone ("Stone") and Christine Carosi's ("Carosi") (collectively "Plaintiffs") motion to remand (Dkt. 112). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

Stone was involved in a hit and run car accident on May 22, 2014. Dkt. 3-2 ¶ 1.3. Stone had an automobile insurance policy with Defendant Government Employees Insurance Company ("GEICO"). *Id.* ¶ 2.1; Dkt. 12-1. Stone was unable to use her car

for about 105 days while GEICO investigated her claim and while her car was being repaired. Dkt. 3-2 ¶ 1.5.

On June 17, 2015, Stone filed a class action complaint against GEICO in Pierce County Superior Court. *Id.* Stone claims GEICO failed to pay her for "loss of use" damages. *Id.* ¶¶ 1.6–1.7. Stone sought to certify the following class:

> All GEICO insureds with Washington policies issued in Washington State, where GEICO determined the loss to be covered under the Underinsured Motorist (UIM) coverage, and their vehicle suffered a loss requiring repair, or the vehicle was totaled, during which time they were without the use of their vehicle, for a day or more.
> Excluded from the Class are the assigned judge, the judge's staff and family, GEICO employees, those who received payment for substitute transportation from GEICO during the entire period they were without the use of their vehicle . . . .

*Id.* ¶¶ 5.3. Stone claimed there would be about 5,000 class members and the average damages would be about $140 per class member. *Id.* ¶¶ 3.2–3.3. Based on these numbers, Stone alleged the amount in controversy would be at most $700,000. *Id.* ¶ 3.3. Stone asserted a single breach of contract claim, and sought compensatory damages, injunctive and equitable relief, and attorney's fees. *Id.* ¶¶ 6.1–6.5, 7.1.

On February 18, 2016, Stone deposed GEICO's Rule 30(b)(6) designee, David Antonacci ("Antonacci"). Dkt. 9-3, Deposition of David Antonacci ("Antonacci Dep."). Antonacci testified that about 18,000 GEICO insureds had filed UIM claims during the class period in Washington. *Id.* at 13:2–21. Antonacci further testified that GEICO possessed information regarding the average price it paid for rental cars during the class period. *Id.* at 22:9–14, 39:24–40:21. These numbers were produced in a supplemental

response to a discovery request showing that the average daily rate is approximately $35/day. Dkt. 18-1 at 8.

On May 10, 2016, Stone filed an amended complaint, which added Carosi as a named plaintiff. Dkt. 1-2 ("Comp."). Carosi was involved in a rear-end collision while insured by GEICO. *Id.* ¶ 1.6. Carosi was unable to use her car for about 35 days while GEICO investigated her claim and while her car was being repaired. *Id.* ¶¶ 1.6, 1.8, 3.2. Plaintiffs' amended complaint contains the same proposed class definition, class allegations, breach of contract claim, and requests for relief. *Compare* Dkt. 3-2, *with* Comp.

On May 16, 2016, Plaintiffs moved for class certification. Dkt. 3-50. Plaintiffs sought to certify the same class pled in their original complaint. *Id.* To support their motion, Plaintiffs provided a declaration from their statistician, Dr. Bernard Siskin, who explained how the number of class members and the average damages per class member could be determined. Dkt. 17-6, Declaration of Bernard Siskin ¶¶ 4–5.

On May 20, 2016, GEICO removed the action to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Dkt. 2-1. GEICO alleges the proposed class may include as many as 22,929 members and the average damages may be $321.30 per class member. *Id.* at 4. Based on these numbers, GEICO asserts there is potentially $7,367,087.70 in controversy. *Id.*

On June 14, 2016, Plaintiffs moved to remand. Dkt. 16. On July 28, 2016, the Court granted Plaintiffs' motion to remand. Dkt. 35. On August 11, 2016, GEICO filed a motion for reconsideration. Dkt. 41. On October 12, 2016, the Court granted GEICO's

motion, vacated its previous order, and issued an amended order denying Plaintiffs' motion to remand. Dkts. 50, 51.

After the Court denied remand, the parties engaged in discovery regarding the Court's subject matter jurisdiction. On August 8, 2017, the Court granted GEICO's motion to compel in part and denied it in part. Dkt. 115. In relevant part, the Court concluded that Plaintiffs asserted a coverage dispute and may be entitled to attorney's fees under *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37 (1991) (en banc). *Id.*

On August 3, 2017, Plaintiffs moved to remand. Dkt. 112. On August 21, 2017, GEICO responded. Dkt. 127. On August 25, 2017, Plaintiffs replied. Dkt. 129.

## II. DISCUSSION

Plaintiffs argue that the Court should remand the matter because GEICO's removal was untimely and the amount in controversy is less than $5,000,000. Dkt. 129. The Court will address the issues in that order.

### A. Untimely

"The timeliness of removals pursuant to CAFA is governed by 28 U.S.C. § 1446(b)." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 884 (9th Cir. 2010). "[S]ection 1446(b) identifies two thirty-day periods for removing a case." *Id.* at 885. "The first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.'" *Id.* (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy

of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Id.* (quoting 28 U.S.C. § 1446(b)). "If the notice of removal was untimely, a plaintiff may move to remand the case back to state court." *Id.*

In this motion, the parties only dispute whether the second thirty-day removal period was triggered. In the previous order, the Court denied Plaintiffs' motion because, at most, the evidence showed that it was possible for GEICO to determine class size and an average claim amount by searching its electronic database. Dkt. 51 at 12–13. After discovery, Plaintiffs contend that GEICO actually ran these searches and possessed the relevant amount in controversy information more than 30 days before it removed the matter. Dkt. 118 at 17. Plaintiffs argue that "GEICO must show that it did not have the information it relied upon for removal more than 30 days before the removal." *Id*. Plaintiffs fail to provide any authority for this proposition. This failure is most likely because no such authority exists.

Instead, the Ninth Circuit has identified the apparent loophole in CAFA removal law that allows defendants the ability to engage in gamesmanship. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013) ("the theoretical possibility of abusive gamesmanship remains."). In short, the second removal period starts *only* when defendants receive a qualifying document from plaintiffs upon which it is reasonable to conclude that the amount in controversy is over $5,000,000. *Id*. ("a 'defendant's subjective knowledge cannot convert a non-removable action into a removable one' such that the thirty-day time limit of § 1446(b)(1) or (b)(3) begins to run against the defendant."). Applied to the facts of this case, Plaintiffs' evidence shows that,

at most, GEICO possessed subjective knowledge that damages could potentially exceed the jurisdictional limit. Such knowledge does not trigger the second removal period. Therefore, the Court denies Plaintiffs' motion to remand.

B.      **Amount in Controversy**

"A defendant generally may remove a civil action if a federal district court would have original jurisdiction over the action." *Allen v. Boeing Co.*,784 F.3d 625, 628 (9th Cir. 2015). CAFA vests federal district courts with original jurisdiction over class actions involving more than 100 class members, minimal diversity, and at least $5,000,000 in controversy, exclusive of interest and costs. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 552 (2014) (citing 28 U.S.C. § 1332(d)). The burden of establishing removal jurisdiction remains on the party seeking removal. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006)

In this case, GEICO has shown that removal was proper. According to Plaintiffs, the evidence at most shows that damages total approximately $3,663,076.32. Dkt. 118 at 19. In a previous order, the Court concluded that Plaintiffs stated a coverage dispute in their complaint, which may result in an award of fees under *Olympic Steamship*. Dkt. 115. In a related and similar class action, the Court concluded "that the potential for actual fees incurred could easily exceed the upper bound of $1,634,700." *McGraw v. GEICO Gen. Ins. Co.*, C16-5876BHS, 2017 WL 1386085, at *5 (W.D. Wash. Apr. 18, 2017). Plaintiffs fail to present any plausible argument that awardable fees would potentially be less in this highly contested matter. Therefore, the Court concludes that,

with the addition of *Olympic Steamship* fees, the amount in controversy easily exceeds $5,000,000, and denies Plaintiffs' motion to remand.

### III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion to remand (Dkt. 112) is **DENIED**.

Dated this 19th day of September, 2017.

BENJAMIN H. SETTLE
United States District Judge