UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MEGAN STONE and CHRISTINE CAROSI,

                Plaintiffs,

    v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

                Defendant.

CASE NO. C16-5383 BHS

ORDER REQUESTING RESPONSE AND RENOTING MOTION

This matter comes before the Court on Plaintiffs Megan Stone ("Stone") and Christine Carosi's ("Carosi") (collectively "Plaintiffs") motion for reconsideration (Dkt. 139). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby requests a response and renotes the motion.

## I.     PROCEDURAL HISTORY

On August 3, 2017, Plaintiffs filed a motion to remand. Dkt. 112. On September 19, 2017, the Court denied the motion. Dkt. 135. On October 3, 2017, Plaintiffs filed a motion for reconsideration. Dkt. 139.

ORDER - 1

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule 7(h), which provides:

> No response to a motion for reconsideration shall be filed unless requested by the court. No motion for reconsideration will be granted without such a request. The request will set a time when the response is due, and may limit briefing to particular issues or points raised by the motion, may authorize a reply, and may prescribe page limitations.

Local Rules, W.D. Wash. LCR 7(h)(3).

In this case, Plaintiffs have identified a potential error of law in the Court's order denying remand. Although not clearly articulated in either the original briefing or the motion for reconsideration, Plaintiffs' position is that "[u]nder the preponderance of the evidence standard, if the evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-court jurisdiction." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015). In part, the Court denied Plaintiffs' motion on the reasonable assumption that awardable attorney's fees in this matter could exceed $1,634,700. Dkt. 135 at 6. When a plaintiff challenges a defendant's allegations in support of removal, "'[e]vidence establishing the amount is required' where, as here, defendant's assertion of the amount in controversy is contested by plaintiffs." *Ibarra*, 775 F.3d at 1197 (quoting *Dart Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014)). Plaintiffs have challenged GEICO's allegations, which requires GEICO to submit evidence in support of its allegations. Plaintiffs argue that GEICO failed to submit any evidence on this issue. Regardless of whether Plaintiffs are correct, the Court must at least amend its order.

It appears that denying a motion to remand based only on reasonable assumptions without considering evidence is erroneous. For example, if GEICO did submit relevant evidence on attorney's fees, the Court must consider the evidence, weigh it against any competing evidence, and then proceed to make reasonable assumptions based on the competing evidence. On the other hand, if neither party submitted evidence on this issue, then the evidence submitted by both sides is balanced and "the scales tip against federal-court jurisdiction." *Ibarra*, 775 F.3d at 1199. Therefore, the Court requests a response from GEICO and a reply from Plaintiffs.[1] In responding to this request, both parties may submit evidence.[2]

### III. ORDER

Therefore, it is hereby **ORDERED** that GEICO may submit a response no later than October 13, 2017, Plaintiffs may reply no later than October 20, 2017, and the Clerk shall renote Plaintiffs' motion for consideration on the Court's October 20, 2017 calendar.

Dated this 5th day of October, 2017.

BENJAMIN H. SETTLE
United States District Judge

---

[1] Briefing is limited to this issue and whether the Court may use reasonable assumptions in the absence of any actual evidence in the record. Any briefing regarding GEICO's subjective knowledge of potential class damages will be stricken and ignored.

[2] The Court has shredded everything that was removed from the docket. Thus, a party should resubmit any evidence under seal instead of citing to previous documents that have been removed.