UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MEGAN STONE and CHRISTINE CAROSI,<br><br>                    Plaintiffs,<br><br>    v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>                    Defendant. | CASE NO. C16-5383 BHS<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiffs Megan Stone ("Stone") and Christine Carosi's ("Carosi") (collectively "Plaintiffs") motion for reconsideration (Dkt. 139). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I.     PROCEDURAL HISTORY

On August 3, 2017, Plaintiffs filed a motion to remand. Dkt. 112. On September 19, 2017, the Court denied the motion. Dkt. 135. On October 3, 2017, Plaintiffs filed a motion for reconsideration. Dkt. 139. On October 5, 2017, the Court requested a

ORDER - 1

response and renoted the motion. Dkt. 141. Specifically, the Court requested a response only to Plaintiffs' argument that the Court committed manifest error by concluding that Plaintiffs could recover an award of over $1.34 million in attorney's fees under *Olympic Steamship*. *Id*. On October 13, 2017, GEICO responded. Dkt. 154. On October 20 2017, Plaintiffs replied and submitted a declaration in support of their reply. Dkts. 155, 156. On October 25. 2017, GEICO filed a surreply requesting that the Court strike the declaration. Dkt. 158.

## II. DISCUSSION

As a threshold matter, the Court must address what it has considered in addressing Plaintiffs' motion. First, the Court "may limit briefing to particular issues or points raised by the motion." Local Rules, W.D. Wash. LCR 7(h)(3). Although the Court requested a response to one specific issue, GEICO submitted briefing on the calculation of total damages and attorney's fees. *See* Dkt. 154. Thus, the Court strikes and did not consider pages five through eleven of GEICO's response because these pages address the issue of total damages.

Second, GEICO argues that Plaintiffs improperly submitted evidence in support of their reply. Dkt. 158. The Court agrees. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir.1996), cert. denied, 522 U.S. 808 (1997). Thus, the Court will not consider Plaintiffs' additional evidence.

Regarding the merits of Plaintiffs' motion, Plaintiffs have failed to establish that the Court's conclusion is manifest error. The Ninth Circuit instructs district courts to evaluate CAFA jurisdiction based on "the reality of what is at stake in the litigation."

*Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015). "[T]his peculiar version of reality remains perpetually frozen at the time of removal." *Salcido v. Evolution Fresh, Inc.*, No. 14-CV-9223SVW-PLA, 2016 WL 79381, at *1 (C.D. Cal. Jan. 6, 2016). At the time of removal, Plaintiffs asserted a claim for denial of coverage, which opens the door for the recovery of attorney's fees under *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37 (1991) (en banc). While Plaintiffs are correct that the Court could easily dispose of any coverage issue or, at the conclusion of the matter, limit such fees, the potential for an award of fees at the time of removal are all the fees associated with this highly contested class action. As such, an award of $1.34 million for an attorney with an hourly rate of $900 and with potential multipliers is arguably reasonable. Therefore, the Court stands by its conclusion that the amount in controversy exceeds the jurisdictional minimum.

## III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion for reconsideration (Dkt. 139) is **DENIED**.

Dated this 11th day of December, 2017.

BENJAMIN H. SETTLE
United States District Judge